Jennifer J. Middleton, OSB #071510
jmiddleton@chantilaw.com
Suzanne B. Chanti, OSB #88179
schanti@chantilaw.com
Chanti & Middleton, P.C.
245 East 4th Avenue
Eugene, OR 97401-2429
Telephone:   541/683-2506
Fax:         541/683-3149
    Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RODNEY GORDON**,<br><br>Plaintiff,<br><br>v.<br><br>**COMPLETE AUTOMOTIVE REPAIR, LTD.** dba **JACKSON'S AUTO CARE**,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br>(Fair Labor Standards Act, 29 USC §207; Oregon Wage & Hour Law, ORS 653.261 and OAR 839-020-0030; Disability Discrimination, ORS 659A.112; Age Discrimination, ORS 659A.030)<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION & VENUE

1.

The claims in this case arise under federal law (the Fair Labor Standards Act) and therefore jurisdiction is proper pursuant to 28 USC §1331. State law claims stem from a common nucleus of operative fact and therefore this Court may exercise jurisdiction over them under 28 USC §1367.

PAGE 1 - COMPLAINT

2.

The events giving rise to these claims took place in Eugene, Oregon. Venue is therefore appropriate in the District of Oregon.

**PARTIES**

3.

Plaintiff Rodney Gordon is a citizen of the State of Oregon and a resident of Lane County. He was an employee of Defendant Complete Automotive Repair, Ltd. (doing business as Jackson's Complete Auto Care) from February, 2006 until January 16, 2009. He is 56 years old.

4.

Defendant Complete Automotive Repair, Ltd. is an Oregon Corporation operating under the assumed business name of Jackson's Complete Auto Care. Jackson's Complete Auto Care is an auto repair and service establishment doing business in Eugene, Oregon.

**FACTS**

5.

Defendant hired Rodney Gordon to work in its parts department in February, 2006. He worked as a parts counterperson.

6.

Defendant services cars and installs accessories such as air conditioners and sound systems. It is not a dealership and it does not sell vehicles to the ultimate purchaser.

7.

Defendant is an enterprise engaged in commerce, and during all weeks in which Rodney Gordon worked, he was an employee engaged in commerce.

8.

Rodney Gordon's job in the parts department involved looking up which parts to use in vehicles being serviced using computerized lists and the telephone, and getting those parts to the mechanics. He was responsible for checking parts into inventory when they arrived, stocking the shelves, ordering parts as needed, and matching out-going parts to the correct order or invoice. He assisted customers picking up their cars, routed customer calls and inquiries, and drove customers and/or vehicles to and from the shop. He kept the parts area, waiting room and restroom clean, and kept the waiting area coffee pot full and supplied.

9.

Defendant paid Rodney Gordon a set, monthly amount of pay, no matter how many hours he worked.

10.

Rodney Gordon frequently worked overtime. Most weeks, he worked as many as 50 hours and during the busy summer months, he would sometimes work more. Because he was the only person responsible for staffing the parts counter, he was almost never relieved of duty for lunch or rest breaks.

11.

Rodney Gordon repeatedly objected to Defendant's practice of paying him a set, monthly amount of pay without overtime for work in excess of forty hours per week. He told Defendant's owner, Thomas Brunson, who was also Rodney Gordon's boss, that he did not think the practice was legal. Owner Brunson responded that he did not have to pay overtime and refused to do so.

///

///

12.

Defendant did not maintain records of the hours that Rodney Gordon worked each day and each week, as required.

13.

Defendant's violations of the FLSA were willful.

14.

Rodney Gordon has severe degenerative disk disease, which causes him pain in his back and difficulty lifting, bending and stooping. In April, 2008, Rodney Gordon was also diagnosed with diverticulitis. Rodney Gordon's diverticulitis causes abdominal pain, fatigue, and impaired mobility, and required him to change his eating habits radically. Since first diagnosis, Rodney Gordon has suffered acute episodes of a perforated colon and an abscess. Rodney Gordon's impairments substantially limit his walking, ability to perform manual tasks, and eating, among other major life activities.

15.

Owner Brunson was aware of Rodney Gordon's back and colon problems during 2008.

16.

Owner Brunson made comments to Rodney Gordon to the effect that older employees are responsible for the higher group health insurance premiums and that they become less reliable when they have health problems. He called Rodney Gordon an "old fart," both to his face and to Rodney Gordon's wife. Owner Brunson complained that Rodney Gordon was "too slow" because of his disability and age.

///

///

17.

In early December, 2008, Rodney Gordon suffered a perforated colon and was hospitalized for several days. When he returned from the hospital and was recuperating at home, he telephoned Owner Brunson to discuss how to handle his disability. Owner Brunson indicated that he had hired someone to help out in the parts department because of Rodney Gordon's condition.

18.

When Rodney Gordon returned to work in December, he was instructed to train the new employee, Derrick. Owner Brunson repeatedly asked Rodney Gordon if Derrick was ready to do the job.

19.

Derrick assisted with some of the lifting, bending and walking in the parts department after Rodney Gordon returned, but Rodney Gordon could still perform the essential functions of the position.

20.

On or about Monday, January 12, 2009, Rodney Gordon sat down with Owner Brunson to discuss his disability. He explained that the doctor said his condition was poor and that he should restrict his bending and lifting so as not to irritate his colon. Owner Brunson responded that Rodney Gordon should hang in there, and that Derrick or other employees could assist with those aspects of the job. He also told Owner Brunson he would be needing time off for surgery in the coming weeks, probably in early March. Owner Brunson asked him if he would be back in time to handle the summer air conditioning orders, and Rodney Gordon assured him that he would.

21.

The following Friday, January 16, 2009, Owner Brunson told Rodney Gordon he was "laid off." He explained, "I don't need two people in the parts department." Owner Brunson told Rodney Gordon that the "layoff" was temporary and that his job would be there for him after his surgery.

22.

On or about February 4, 2009, Rodney Gordon discovered that his health insurance had been cut off as of January 31, 2009. Rodney Gordon tried to reach Owner Brunson several times to ask what was going on. He asked Owner Brunson if this "layoff" was really temporary or not, and whether he would have a job after his surgery. Owner Brunson responded that Rodney Gordon would not have a job after his surgery.

23.

Rodney Gordon has been replaced by Derrick in the parts department. On information and belief, Derrick is in his 30's.

## FIRST CLAIM FOR RELIEF
### (Fair Labor Standards Act)

Plaintiff Rodney Gordon repeats and re-alleges paragraphs 1 through 23 above, as though fully set forth herein.

24.

By failing to pay Rodney Gordon time and one-half overtime for all hours worked in excess of forty hours per week, Defendant violated the Fair Labor Standards Act, 29 USC §207.

25.

By failing to maintain records of Rodney Gordon's hours worked, Defendant violated the Fair Labor Standards Act, 29 USC §211 and 29 CFR §516.2.

26.

Defendant's violations of the FLSA were willful.

27.

As a result of Defendant's refusal to pay overtime, Rodney Gordon has damages of unpaid wages in the approximate amount of $28,000, and an additional equal amount as liquidated damages.

28.

As a result of Defendant's refusal to pay overtime, Rodney Gordon is entitled to recover his reasonable attorney fees and costs incurred in this action.

## SECOND CLAIM FOR RELIEF
### (Oregon Wage & Hour Law, ORS 653.261 and OAR 839-020-0030)

Plaintiff Rodney Gordon repeats and realleges paragraphs 1 through 23 above, as though fully set forth herein.

29.

By failing to pay Rodney Gordon time and one-half overtime for all hours worked in excess of forty hours per week, Defendant violated ORS 653.261 and OAR 839-020-0030.

30.

Defendant failed to pay Rodney Gordon all of his wages earned and unpaid on the date of termination.

31.

Rodney Gordon gave Defendant a written notice of nonpayment on March 4, 2009. Defendant has not yet satisfied the unpaid wages.

///

///

32.

Defendant owes Rodney Gordon nearly $28,000 in unpaid wages. Plaintiff Rodney Gordon is also entitled to penalties under ORS 652.150.

33.

As a result of Defendant's refusal to pay overtime, Rodney Gordon is entitled to recover his reasonable attorney fees and costs incurred in this action.

### THIRD CLAIM FOR RELIEF
### (Disability Discrimination, ORS 659A.112)

Plaintiff Rodney Gordon repeats and realleges paragraphs 1 through 23 above, as though fully set forth herein.

34.

Defendant discriminated against and terminated Rodney Gordon because of his disability or perceived disability, and/or because Defendant would have to accommodate his disability. Defendant retaliated against Rodney Gordon for requesting a reasonable accommodation. Defendant failed to engage in an interactive process with Rodney Gordon to accommodate his disability. As a result, Rodney Gordon has suffered economic damages in an amount to be determined by a jury. These economic damages include, but are not limited to, lost wages and benefits, medical insurance bills and medical costs.

35.

As a further result of Defendant's discrimination, Rodney Gordon has suffered and is continuing to suffer emotional distress, loss of dignity and self esteem, anxiety, humiliation, and loss of enjoyment of life, in amounts to be determined by the jury.

///

///

PAGE 8 - COMPLAINT

36.

Defendant's actions taken against Rodney Gordon as described herein were taken with malice or in reckless disregard of his rights and punitive damages should be awarded to punish and to deter Defendant and others from acting in a similar manner in the future.

37.

Rodney Gordon is entitled to recover his reasonable costs and attorney fees incurred herein.

### FOURTH CLAIM FOR RELIEF
### (Age Discrimination, ORS 659A.030)

Plaintiff Rodney Gordon repeats and realleges paragraphs 1 through 23 above, as though fully set forth herein.

38.

Defendant terminated Rodney Gordon because of his age, in violation of ORS 659A.030. As a result of Defendant's unlawful actions, Rodney Gordon has suffered economic damages in an amount to be determined by a jury. These economic damages include, but are not limited to, lost wages and benefits, medical insurance bills and medical costs.

39.

As a further result of Defendant's discrimination, Rodney Gordon has suffered and is continuing to suffer emotional distress, loss of dignity and self esteem, anxiety, humiliation, and loss of enjoyment of life, in amounts to be determined by the jury.

40.

Defendant's actions taken against Rodney Gordon as described herein were taken with malice or in reckless disregard of his rights and punitive damages should be awarded to punish and to deter Defendant and others from acting in a similar manner in the future.

41.

Rodney Gordon is entitled to recover his reasonable costs and attorney fees incurred herein.

WHEREFORE, Plaintiff prays for the following relief:

1. Compensation for his unpaid overtime wages in the amount of $27,831, plus interest, and an equal amount in liquidated damages and penalties;

2. Reinstatement to his former position;

3. Economic damages to compensate for Defendant's unlawful termination of Plaintiff in an amount to be determined at trial;

4. Compensatory damages for pain and suffering in an amount to be determined at trial;

5. Punitive damages to deter Defendant and others from similar acts in the future;

6. Reasonable costs and attorneys fees of this action;

7. Any additional relief that is just and equitable under the circumstances.

DATED this 13th day of May, 2009.

CHANTI & MIDDLETON, P.C.

By: _____
Jennifer J. Middleton, OSB #071510
541/683-2506
541/683-3149 fax
jmiddleton@chantilaw.com
    Attorneys for Plaintiff Rodney Gordon

PAGE 10 - COMPLAINT